**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIMEDX GROUP, INC.,<br><br>    Plaintiff,<br> v.<br><br>DBW PARTNERS LLC,<br>   D/B/A THE CAPITOL FORUM,<br>TREVOR BAINE,<br>TEDDY DOWNEY,<br>JAKE WILLIAMS,<br>MILES PULSFORD,<br>MATT TREACY, and<br>DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 1:17-cv-01925-JDB |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RECONSIDERATION**
**OF DENIAL OF MOTION TO DISMISS DEFAMATION COUNTS**

  In denying Defendants' motion to dismiss Plaintiff MiMedx Group, Inc.'s defamation claims, this Court ruled that Plaintiff did not need to allege actual malice because its status as a public figure could not be determined from the allegations of the Complaint. Memorandum Opinion (9/28/18) (ECF # 29), at 13. One day after that ruling was entered, the United States District Court for the Southern District of New York dismissed a similar libel claim by the same Plaintiff on the ground that the Plaintiff had conceded its status as a public figure and not adequately pleaded actual malice. As explained below, Plaintiff likewise conceded its public figure status in its opposition to the motion to dismiss in this case. Defendants' motion to dismiss Plaintiff's claims for defamation, libel and slander should, therefore, be granted.

## **BACKGROUND**

MiMedx filed its Complaint against Defendants on September 21, 2017.  ECF #1.  The company claimed defamation based on an email from The Capitol Forum to potential subscribers that described an accurate news report discussing allegations by former MiMedx employees that the company had engaged in "channel stuffing."  The email, which also contained an excerpt of the news report, stated in one sentence that the allegations had been made "by customers & former employees."  The reference to "customers" in the email was a mistake: as shown in the excerpt of the report included within the email, the allegations reported were made by former employees.  MiMedx's claims were based solely on the reference to "customers."

Defendants filed a motion to dismiss on November 13, 2017.  ECF #18.  Among other things, Defendants argued that the single reference to "customers" did not render the email substantially false and did not cause any incremental harm.  Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF # 18), at 8-13.  Defendants further argued that MiMedx is a public figure, and that the Complaint failed adequately to allege the required actual malice.  *Id.* at 13-27.  A full 12 pages of Defendants' brief were devoted to their contention that MiMedx is a public figure—not only because under this Court's ruling in *OAO Alfa Bank v. Ctr. For Pub. Integrity,* 387 F. Supp. 2d 20, 47 (D.D.C. 2005), "corporate plaintiffs are treated as public figures as a matter of law in defamation actions brought against mass media defendants involving matters of legitimate public interest," but more broadly because MiMedx satisfied the three-part public-figure test set out in *Waldbaum v. Fairchild Publ'ns, Inc.,* 627 F.2d 1287 (D.C. Cir. 1980).  The latter point was supported by MiMedx's SEC filings, press releases and other public statements that are a matter of public record and of which this Court may take judicial notice.  *See Gov't of Rwanda v. Rwanda Working Grp.,* 227 F. Supp. 2d 45, 60 n.6 (D.D.C.

2002), *aff'd in part, remanded in part sub nom. Gov't of Rwanda v. Johnson,* 409 F.3d 368 (D.C. Cir. 2005) (taking judicial notice of news article and other matters of a "general public nature"); *Canuto v. Mattis,* No. CV 16-2282 (EGS), 2017 WL 3437662, at *3 n.6 (D.D.C. Aug. 10, 2017) (taking judicial notice of information on websites).

MiMedx filed its opposition on December 6, 2017.  Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss (ECF #20).  Nowhere in its 38-page brief did MiMedx take issue with Defendants' arguments that its Complaint was governed by the actual malice standard.  It did not question the Court's ability to take judicial notice of the public record materials cited by the Defendants.  It did not argue that it was a private figure under *Waldbaum,* nor did it contest the applicability of this Court's ruling in *OAO Alfa Bank.*  Instead, MiMedx argued that the Complaint had adequately alleged actual malice.  *Id.* at 20-25.

In their Reply in Support of Their Motion to Dismiss (ECF # 21), Defendants noted MiMedx's concession that the actual malice standard applies, *id.* at 1-2, 8, and refuted MiMedx's contention that it had alleged facts sufficient to establish actual malice, *id.* at 8-11.

On September 28, 2018, the Court issued its Memorandum Opinion and Order denying Defendants' motion to dismiss with respect to the company's defamation claims.  ECF ## 29, 30.  The Court granted Defendants' motion to dismiss with respect to MiMedx's remaining claims for false light invasion of privacy, tortious interference, and violation of the Lanham Act.  *Id.*

On September 29, 2018, the United States District Court for the Southern District of New York granted a motion to dismiss a libel claim by MiMedx complaining of statements by different defendants arising out of the same public controversy as the report in this case.  *MiMedx Group, Inc. v. Sparrow Fund Management LP, et al.*, No. 17-cv-07568-PGG-KHP (S.D.N.Y. Sept. 29, 2018) (Gardephe, J.), attached as Ex. 1.  There, as here, MiMedx had complained that it was

defamed by statements that it had engaged in channel stuffing. The Court there granted the motion to dismiss on the ground that MiMedx had conceded that it was a public figure, *id.* at 16 n.5, and that it had failed adequately to allege actual malice. *Id.* at 17-25. Magistrate Judge Katherine H. Parker had previously issued a Report and Recommendation holding that MiMedx was a public figure and had failed to sufficiently plead actual malice, and on January 24, 2018, Defendants brought Magistrate Judge Parker's Report and Recommendation to this Court's attention through a Notice of Supplemental Authority. ECF # 23. In subsequently affirming Magistrate Judge Parker's ruling, Judge Gardephe noted that MiMedx had conceded its public figure status by failing to contest Judge Parker's public figure ruling on appeal from her Report and Recommendation. *Id.* at 16 n.5.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(b), an interlocutory order such as this Court's decision on the motion to dismiss "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Relief under Rule 54(b) is available "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). The Court has "broad discretion to hear a motion for reconsideration." *Clark v. Feder, Semo & Bard, P.C.*, 736 F. Supp. 2d 222, 225 (D.D.C. 2010) (Bates, J.) (granting in part motion for reconsideration). "Review under Rule 54(b) amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* (internal quotation marks omitted). Reconsideration has been granted and summary judgment granted, for example, when there have been "errors of law or fact that need correction," *Lovely-Coley v. D.C.*, 255 F. Supp. 3d 1, 9 (D.D.C. 2017) (internal quotation marks omitted) (granting motion for reconsideration), when there have been intervening decisions, *Estate of Klieman v.*

*Palestinian Auth.*, 82 F. Supp. 3d 237, 250 (D.D.C. 2015), when new facts have been brought to the Court's attention, *Lopez v. District of Columbia*, 300 F. Supp. 3d 253, 255 (D.D.C. 2018), and when the Court had overlooked a dispositive point, *Kriss v. Bayrock Grp. LLC*, No. 10CIV3959LGSDCF, 2017 WL 1901966, at *4 (S.D.N.Y. May 8, 2017).

## ARGUMENT

Reconsideration is warranted here to acknowledge a concession made by the Plaintiff that should result in the dismissal of the Complaint in its entirety—a result that would relieve these Defendants from the unwarranted burdens of litigation. When a meritless libel suit is permitted to proceed past a motion to dismiss, "the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails." *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) (quoting *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966)); *see also Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 n.5 (S.D.N.Y. 2012) (internal quotation marks and citations omitted) ("The prospect of legal bills, court appearance, and settlement conferences means that all but the most fearless will pull their punches.").

Not just once, but at least three times, MiMedx has been confronted with the contention that it is a public figure for purposes of reports that it had engaged in channel stuffing. Not once did MiMedx contest that point. And by failing to contest the point, which was dispositive of its claims, MiMedx conceded it, as Judge Gardephe held in the Southern District of New York. The result should be no different here.

It is a general principle, honored time and again by courts in this Circuit, that a point not contested is treated as conceded. *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citations omitted) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to

5

address as conceded. . . ."); *Bancoult v. McNamara,* 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."); *United States v. Tavares*, 100 F.3d 995, 997 (D.C. Cir. 1996) (finding an argument implicitly conceded, even though "not expressly concede[d]," where one party failed to contest the opposing party's "arguments on [that] point"); *see also United States v. Real Prop. Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (internal quotation and alterations omitted) ("It is not this court's role . . . to act as an advocate for the parties and construct legal arguments on their behalf in order to counter those in the motion to dismiss.")

The concession here was obviously a deliberate one that was fully warranted by facts that are a matter of public record. That the concession was deliberate is underscored by the fact that it was made on three separate occasions—once on the motion to dismiss in this case, another time before Magistrate Judge Parker on a motion to dismiss in another case arising out of the same public controversy, and a third time when MiMedx appealed that other ruling to Judge Gardephe.

That MiMedx's concession of its public figure status was fully warranted is demonstrated by the 12-page showing set forth in Defendants' initial Memorandum in this case—none of which was questioned or even addressed in Plaintiff's Memorandum in Opposition. Public announcements since the motion to dismiss was filed have only served to underscore why MiMedx does not contest its public figure status. MiMedx has not only continued to publicly acknowledge that it is under investigation by the Securities and Exchange Commission, but further disclosed that the Department of Justice is investigating.[1] It has also announced publicly that investors can

---

[1] News Release, *MiMedx Announces Expectation to Exceed the $92 Million Top End of First Quarter Revenue Guidance; Continues to Cooperate with Regulatory Agencies* (March 15, 2018),

no longer rely on any of its financial information dating back to 2012,[2] and the company terminated—for cause—its chairman and CEO; its president and COO; its CFO and principal accounting officer; and its corporate controller and treasurer.[3]  An audit committee investigation remains ongoing.[4]

In its opinion on the motion to dismiss, the Court noted that "MiMedx does not address the threshold question of whether the actual malice standard applies to the allegedly defamatory statement at issue in this case."  Mem. Op. at 11.  As demonstrated above, however, this was not a mere oversight, but rather a considered and informed judgment made in parallel cases in two different federal courts.

Under the heading "The Actual Malice Standard Governs MiMedx's Claims," Defendants' brief in support of its motion to dismiss argued for 12 pages that the actual malice standard applied because MiMedx is a public figure.  ECF # 18 at 13-27.  In response, MiMedx filed a 38-page brief that nowhere contested its public figure status or the applicability of the actual malice standard.  ECF # 20.  In their reply brief, Defendants specifically noted this concession.  ECF # 21, at 1, 8.  MiMedx never sought a sur-reply to clarify that it was actually contesting this case-dispositive point.  Even after Defendants later filed a Notice of Supplemental Authority alerting

---

https://mimedx.gcs-web.com/news-releases/news-release-details/mimedx-announces-expectation-exceed-92-million-top-end-first.

[2] News Release, *MiMedx To Restate Certain Historical Financial Statements* (June 7, 2018), https://mimedx.gcs-web.com/news-releases/news-release-details/mimedx-restate-certain-historical-financial-statements.

[3] News Release, *MiMedx Provides Update on Previously Announced Senior Executive Separations* (Sept. 20, 2018), https://mimedx.gcs-web.com/news-releases/news-release-details/mimedx-provides-update-previously-announced-senior-executive.

[4] *Id*. (noting that the decisions to terminate the executives for cause "are based on information identified as part of the Audit Committee's ongoing independent investigation").

the Court to the Magistrate Judge's Report and Recommendation in the Southern District of New York case, which held that MiMedx is a public figure for purposes of statements about the channel stuffing allegations against it, ECF # 23, MiMedx still did not contest the point in its response. ECF # 26. This may fairly be considered a *fourth* concession that MiMedx is a public figure.

In its opinion, the Court further noted that "[u]pon review of MiMedx's complaint (and construing the facts alleged in MiMedx's favor, as the Court must do at the motion-to-dismiss phase), the Court finds that MiMedx has not alleged facts that establish that it is a public figure or limited-purpose public figure." Mem. Op. at 13.  But MiMedx need not have alleged facts establishing its public figure status.  Defendants supplied those facts in the significant amounts of public record material it cited in support of its motion, and MiMedx then conceded the point. ECF # 18, at 14-26.

For these reasons, the Motion for Reconsideration should be granted. The public figure determination is dispositive of MiMedx's defamation claims because, as demonstrated in Defendants' Memorandum at 26-27 and Reply at 8-11, the Complaint does not contain factual allegations that could support an inference that the reference to "customers" in Defendants' email was the product of actual malice. And even if the Complaint were deemed to have adequately alleged actual malice, a determination that MiMedx is a public figure would simplify the issues in the case and facilitate the efficient progress of the case.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion for Reconsideration, vacate the portion of its September 28 Memorandum Opinion and Order that denied Defendant's motion to dismiss MiMedx's defamation claims, and enter an order granting Defendants' motion to dismiss in its entirety.

        Respectfully submitted,

        */s/ Kevin T. Baine*
        Kevin T. Baine
        Stephen J. Fuzesi
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street NW
        Washington, DC 20005
        Tel:  (202) 434-5000
        Fax:  (202) 434-5029
        kbaine@wc.com

        *Counsel for Defendants*

October 9, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused Defendants' Motion for Reconsideration of Denial of Motion to Dismiss Defamation Counts to be filed and served electronically via the Court's ECF System upon counsel of record. I further certify that all parties required to be served have been served.

Dated:  October 9, 2018                                                                 By:  /s/ Stephen J. Fuzesi
                                                                                                            Stephen J. Fuzesi